[No. 6,803.—Department One.]

## S. N. ANDERSON *v.* W. T. COLEMAN.

INJUNCTION — MALICIOUS PROSECUTION — STATUTE OF LIMITATIONS. — A temporary injunction was granted, and dissolved, and afterwards judgment went for defendant. In an action by the defendant against the plaintiff, in the injunction suit, for suing out the writ maliciously, and without probable cause, commenced more than two years after the dissolution of the injunction, but within two years after the judgment; *held*, that the cause of action was barred.

ID.— ID.— ID.— SHARPSTEIN, J., concurring in the judgment, on the ground that there was no evidence of malice, was of the opinion that the statute commenced running only upon the final termination of the injunction suit; as until then want of probable cause could not be established.

APPEAL from a judgment for the plaintiff, and from an order denying new trial, in the Superior Court of Marin County. TEMPLE, J.

*Thomas H. Hansen*, and *L. E. Pratt*, for Appellants.

The injunction suit was pending until the 20th day of January, 1877. (Code Civ. Proc. § 1049.) There was no *final determination* that plaintiff was not entitled to the injunction until that appeal was disposed of.

To have commenced a suit in the same court for damages, while the very issue, whether the injunction was wrongfully sued out or not, was still pending, would have been a vain and

useless, and a *premature*, proceeding. To have commenced such suit in any *other* court would have been an unwarrantable interference with, and an invasion of, the jurisdiction of the court in which the injunction suit was pending. It would have been a complete answer to an action so commenced, to say that the very question sought to be tried was already in course of trial between the same parties, in the same court, or in another court of co-ordinate jurisdiction.

In other words, no *right of action* for damages suffered under the injunction *accrued* to us, until the right of plaintiff to have such injunction was finally adjudicated against him; and the Statute of Limitations, by its express terms, begins to run, *not* from the time the injury was *done* to us, but from the time when our *right of action* therefor *accrued* to us. (Code Civ. Proc. § 312 ; High on Injunctions, § 981; 2 Greenl. Ev. §§ 449, 452; *Gorton* v. *DeAngelis*, 6 Wend. 420 ; *Bump* v. *Betts*, 19 id. 421; *Potter* v. *Casterline*, 8 Rep. 312; *Winn* v. *Peckham*, 42 Wis. 493; *Hamilburgh* v. *Shepard*, 119 Mass. 30 ; *Brown* v. *Randall*, 36 Conn. 56 ; *Leever* v. *Hamill*, 57 Ind. 423 ; *Spring* v. *Besore*, 12 B. Mon. 551.)

*E. B. Mahon*, and *B. S. Brooks*, for Respondent.

This is an action on a liability not founded upon an instrument in writing, and is barred in two years. (Code Civ. Proc. § 339, subd. 1; *Chipman* v. *Morrill*, 20 Cal. 131; Code Civ. Proc. § 939; *Kittredge* v. *Stevens*, 23 Cal. 283; *Sharp* v. *Miller*, 54 id. 329.)

MYRICK, J.:

Coleman, the defendant herein, commenced an action against Anderson and Dubois, plaintiffs herein, to obtain a perpetual injunction. The Court allowed a temporary injunction, a bond having been given, and the same was served on defendants December 29th, 1874. On the 9th of March, 1875, on motion of the defendants in that action, after notice, the Court made an order dissolving the injunction. No appeal was taken from that order. Subsequently, judgment went for defendants in

that action, on demurrer, which judgment was affirmed on appeal.

This action, commenced March 20th, 1877, was not on the bond, but against Coleman for suing out the writ maliciously, and without probable cause. On the trial, the Court gave judgment of non-suit, and plaintiffs appealed from the judgment and the order denying their motion for a new trial.

Two points are involved in the appeal:

1. Was plaintiffs' action barred by the Statute of Limitations?

2. Did plaintiffs offer any evidence of malice?

First—The writ of injunction was dissolved March 9th, 1875. Plaintiffs' cause of action, if they had any, was then complete, even if not perfect when the writ was sued out; it was not delayed, or the time postponed, by the fact that Coleman had sixty days in which to appeal from the order dissolving the writ. Plaintiffs at least had two years, from and after March 9th, 1875, in which to commence their action. They did not commence it until March 20th, 1877. Their right of action did not at all depend upon the subsequent proceedings in that suit. It was the writ that they complained of, and the force of that writ was spent upon its dissolution. If plaintiffs ever had a cause of action, it was barred by the Statute of Limitations. (§ 339, Code Civ. Proc.) In our opinion, this disposes of the case.

Judgment and order affirmed.

THORNTON, J., concurred.

SHARPSTEIN, J., concurring:

I concur in the affirmance of the judgment and order of the Court below, on the ground that the plaintiff has failed to show a want of probable cause for suing out the injunction. The defendant in this action, who was the plaintiff in the injunction suit, commenced the action by filing a complaint upon which he obtained a temporary injunction. That complaint was demurred to, the demurrer sustained, the temporary injunction dissolved, and judgment rendered in favor of the defendants in that action who are the plaintiffs in this.

The complaint in the injunction suit is signed by counsel, and if it failed to state facts sufficient to entitle the plaintiff in that action to an injunction, he cannot be held to be liable for maliciously suing out the writ. A complaint contains a statement of a plaintiff's cause of action. If it fails to state facts sufficient to constitute a cause of action, it is not the plaintiff's fault, but that of his counsel, that it is filed and process is issued upon it. All that a plaintiff is required to do, is to state fully and fairly to his counsel the facts of his case. If upon the facts so stated the counsel commences an action which the facts will not sustain, the client cannot be held liable on the ground of want of probable cause. The client relieves himself of such liability by making a full and fair statement of the facts of his case to his counsel. In this case, the facts stated to counsel were embodied in a complaint signed by counsel, and they were not sufficient to constitute a cause of action. There is nothing in all this to indicate that the defendant overstated or understated the facts of his case to his counsel. The facts alleged in the complaint were not disproved. By demurring to the complaint the defendants in that action admitted that they were true. Can a party who commences an action by advice of counsel upon facts which, although insufficient to constitute a cause of action, are nevertheless true, be held liable for having commenced it without probable cause? I think not. I do not think that the protection which the law gives to a party who fully and fairly states the facts of his case to counsel learned in the law, has ever been invoked in a plainer case than this.

If the plaintiff had ever had a cause of action, I do not think that the Statute of Limitations would have commenced running upon it until after the final determination of the injunction suit. The sole object of that suit was to obtain an injunction, and want of probable cause for suing one out could not be established until it was finally determined that the party was not entitled to it. The case of suing out an attachment which is an ancillary writ is distinguishable from this.