[No. 12637. In Bank. — September 3, 1889.]

# LEVI CARTER, RESPONDENT, v. TIMOTHY PAIGE, APPELLANT.

MALICIOUS ATTACHMENT — FINAL JUDGMENT — PLEADING — DISSOLUTION OF ATTACHMENT — DATE OF CAUSE OF ACTION. — When the complaint in an action for damages for a malicious attachment upon a debt that had been paid before the attachment suit was commenced alleges that judgment was rendered and entered in favor of the defendant in the attachment suit, such allegation is sufficient, and it is unnecessary to allege further that the judgment was in full force and effect, and not vacated, set aside, reversed, or appealed from. If the judgment is for any reason no longer in force, that fact should be alleged by the defendant in his answer. An allegation in the complaint that the judgment was not appealed from within five days, intended to show the final dissolution of the attachment, may be treated as surplusage, with reference to the finality of the judgment, and is not an admission that the judgment was appealed from after five days. It seems that in such case the cause of action dates from the final judgment, and not from the dissolution of the attachment; but this question is not decided.

APPEAL — JUDGMENT ROLL — ORDER ALLOWING AMENDMENT TO COMPLAINT — IRREGULARITY — JUDGMENT BY DEFAULT. — On an appeal from a judgment by default, taken upon the judgment roll alone, the fact that an amended complaint was not filed within the time allowed by an order permitting the amendment cannot be considered, as the order allowing the amendment is no part of the judgment roll. That fact, if existing, constitutes a mere irregularity, which can only be reviewed upon a record made upon a motion to set aside the judgment, and on appeal from an order denying the motion.

APPEAL from a judgment of the Superior Court of Stanislaus County.

The facts are stated in the opinion of the court.

*D. S. Terry,* and *Edward J. Pringle,* for Appellant.

*Stanton L. Carter,* for Respondent.

BEATTY, C. J. — In this cause there were so many motions and proceedings to dismiss the appeal, amend the record, etc., preliminary to the hearing on the merits, and so many printed arguments were filed by counsel, that the court cannot be severely blamed for having

overlooked one of the additional and supplemental briefs filed on the part of the appellant. When the case was taken up for decision we considered the single point made by appellant in his points and authorities, and pronounced the opinion reported in 20 Pac. Rep. 729. Our attention being called to the fact that we had neglected to notice a point made in a supplemental brief filed by appellant under leave of the court, a rehearing was granted in order that we might consider that point.

The suit is for damages for the malicious levy of an attachment by the defendant upon lands of the plaintiff. The complaint shows that the attachment suit was upon a promissory note not alleged to have been secured by mortgage or otherwise, and shows, consequently, that defendant had an undoubted right to an attachment if there was anything due on the note. But it is alleged that the note had been paid before suit brought, and that the malice of defendant consisted in suing and attaching when he knew that his debt had been paid. It is clear from all the allegations of the complaint that the question of malice or no malice in issuing the attachment depended entirely upon the further question whether the defendant had a right of action,—whether, in other words, his note had been paid.

This being so, defendant contends, in support of his appeal from the judgment entered against him by default, that the amended complaint is not sufficient to support the judgment, because, as he claims, it does not show that a final judgment was given or entered against him in the attachment suit before this action was commenced.

The allegations of the complaint on this point are as follows:—

"That thereafter, to wit, on the eighth day of December, 1880, said cause came on for trial in the said superior court of the county of Stanislaus, state of California, in which court said action was then duly pending, and

upon said trial judgment was duly given, made, and entered in favor of this plaintiff (the defendant therein),
and against this defendant (the plaintiff therein), which
said judgment was duly entered and recorded in the
judgment-book of said court, in volume 1, at pages 831
and 832, and no appeal was taken from said judgment
within five days after the entry thereof, and no bond or
undertaking was given to continue said attachment in
force, and because and by reason thereof said attachment
became and was dissolved and discharged by said judgment."

It will be seen that here is an allegation that judgment
was given and entered for the defendant in the attachment suit (plaintiff here), and that no appeal was taken
therefrom within five days. Evidently the theory upon
which the complaint was drawn was that a right of action for a malicious attachment accrued at least as soon
as the attachment was dissolved, irrespective of the
finality of the judgment, and that the attachment was
finally dissolved by judgment for the defendant unappealed from within five days. (Code Civ. Proc., sec. 946.)

We doubt the correctness of this theory, but we deem
it unnecessary to decide upon it. We may concede, for
the purposes of our decision, that the appellant is right
in his contention that no cause of action could have accrued against him on account of the attachment in his
suit against respondent until final judgment was given
and entered against him therein; for we must hold that
such final judgment is sufficiently alleged. It was not
necessary, after alleging the giving and entry of the
judgment, to allege further that it was in full force and
effect, and not vacated, set aside, reversed, or appealed
from. Such allegations are not uncommon where a
judgment is pleaded, but they are not necessary. If the
judgment has been appealed from, or set aside, or reversed, or is for any reason no longer in force, the allegation of that fact comes more properly from the party

against whom it is pleaded. (*Campbell* v. *Cross*, 39 Iud. 156, 157, and authorities there cited.)

The allegation that the judgment was not appealed from within five days cannot be held an admission that it had been appealed from after five days. It was clearly intended for no other purpose than to show a dissolution of the attachment on the theory above stated, and with respect to the material fact of the finality of the judgment, must be treated as surplusage.

We think the amended complaint was sufficient to sustain the judgment, and the judgment is affirmed.

McFARLAND, J., SHARPSTEIN, J., and WORKS, J, concurred.

THORNTON, J., dissented.