[Civ. No. 10635.   Second Appellate District, Division One.—January 31, 1936.]

MARION MERRON, Appellant, v. TITLE GUARANTEE AND TRUST COMPANY (a Corporation) et al., Respondents.

H. M. Mayes for Appellant.

Keogh, Cate and Colver for Respondent Title Guarantee and Trust Company.

DORAN, J.—On December 21, 1931, the Title Guarantee and Trust Company sued Sarah Stahler and Marion Merron in action No. 332623, Superior Court of Los Angeles County, and in connection with such action levied an attachment on the property of Marion Merron. The court found for the defendant Marion Merron on the basis of which this action for damages for malicious prosecution was commenced December 7, 1934.

The answer of the Title Guarantee and Trust Company denies that the order or judgment in the original action is final, and alleges that this suit for malicious prosecution is therefore premature. At the trial, after plaintiff was sworn and testified, a motion to dismiss the malicious prosecution action on the grounds that it was prematurely brought, was granted. The court found that the order and judgment in the first action, No. 332623, were not final. Judgment in the malicious prosecution action was entered April 25, 1935. On June 10, 1935, plaintiff moved to vacate this last judgment on the grounds that it was erroneous and not supported by findings in that said first judgment was in fact and in law, final. The motion was denied and from the judgment and the order denying this last motion, plaintiff filed notice of appeal on August 2, 1935.

The motion to dismiss this appeal is based on the claim that more than sixty days had elapsed between the entry of judgment and the filing of the notice of appeal, and that the order denying the motion to vacate the judgment is not an appealable order.

■ It is the law that, before an action for malicious prosecution can be maintained, it must be alleged and shown that the proceedings upon which it is based have been legally terminated. (*Hurgren* v. *Union Mutual Life Ins. Co.*, 141 Cal. 585 [75 Pac. 168].) It is admitted in the briefs on file herein that the original action No. 332623, is pending on appeal.

■ The order refusing to vacate a final judgment is not appealable if the grounds upon which the party sought to have the judgment vacated existed before the entry of the judgment and were available on an appeal from the judgment (*Lawson* v. *Guild*, 215 Cal. 378 [10 Pac. (2d) 459]); moreover, an appeal does not lie from an order denying a

motion to vacate a judgment where such motion merely calls upon the court to overrule a former ruling on the same facts. (*Ratliff* v. *Ratliff*, 100 Cal. App. 556 [280 Pac. 554].)

 The notice of appeal having been filed more than sixty days from the date of the entry of the judgment, the appeal from the judgment is barred, and, for the reasons stated, the order denying the motion to vacate the judgment is not appealable.

The motion to dismiss the appeal is granted. Inasmuch as appellant, in addition to the appeal from the order denying the motion to vacate the judgment, also sought, although ineffectively, to appeal from "all orders and judgments, and findings rendered and found in above entitled action", such appeals, or attempts to appeal, are likewise dismissed.

Houser, P. J., and York, J., concurred.