[Civ. No. 11398. Second Appellate District, Division One.—June 15, 1938.]

MARION MERRON et al., Appellants, v. TITLE GUAR-ANTEE AND TRUST COMPANY (a Corporation), Re-spondent.

H. M. Mayes for Appellants.

M. J. Rankin, Seth I. Colver, Milo V. Olson and Walter S. Home for Respondent.

WHITE, J.—This is an appeal from a judgment of dismissal entered in favor of defendant Title Guarantee and Trust Company after the trial court had sustained a demurrer to plaintiffs' complaint without leave to amend.

Plaintiffs commenced this suit to recover for malicious prosecution of a civil action; the detention and conversion of personal property seized under a writ of attachment; and for the malicious prosecution of an attachment levied upon real property. The complaint alleges that on or about December 1, 1931, defendant Title Guarantee and Trust Company filed its action against plaintiff herein, Sarah Stahler, to recover from her an alleged balance due on the purchase price of real estate sold to her upon a title-retained agreement of sale; and further alleges that with intent to injure plaintiffs the defendants did falsely and without probable cause obtain and cause to be executed a writ of attachment upon certain properties of plaintiffs. It is then set forth in the complaint that upon the filing by Marion Merron (who was not then a defendant in the original complaint) of her claim to the personal property taken under attachment, the defendant did then cause to be filed an amended complaint, including said Marion Merron as a defendant, and wherein, it is claimed, it was falsely alleged that said Marion Merron was an assignee of said agreement of sale. Thereupon, it is alleged, defendant caused another and second writ of attachment to issue against the real and personal property in question. After alleging the absence of legality or probable cause on the part of defendants, the complaint further alleges that

the trial court thereafter "adjudged that plaintiff therein, Title Guarantee and Trust Company, take nothing as against the defendant (therein) Marion Merron". The complaint then alleges that "on July 7th, 1936, the District Court of Appeal for the Third Appellate District of California found that the trial court erred in its refusal to dissolve said attachment, and that the said cause became final on September 4, 1936".

As to appellants Sarah Stahler and Harry E. Stahler, it is the contention of respondent that no cause of action is stated for the reason that the complaint fails to allege that the action complained of had been finally determined in their favor. Without question, it is essential to the maintenance of an action such as this that the proceeding complained of should have been finally terminated, and terminated in plaintiffs' favor. (*Holliday* v. *Holliday*, 123 Cal. 26, 35 [55 Pac. 703]; *Roos* v. *Harris*, 203 Cal. 201 [263 Pac. 225].) Both parties to this appeal refer us to the proceeding complained of and which is entitled, *"Title Guarantee & Trust Co.* v. *Stahler et al.",* reported in 15 Cal. App. (2d) 239 [59 Pac. (2d) 515]. On appeal in that case, the Third District Court of Appeal, after stating that no appeal was taken from the order of the trial court refusing to discharge the attachment and that the question could not therefore be reached on that particular appeal, nevertheless, with reference to the legality of the writ of attachment issued in the case, decisively says: "The first point urged upon this appeal is that the court erred in refusing to vacate this attachment. In that appellants are correct. The vendor, under an executory contract for the sale of real property, having retained title as security for the purchase price, is not entitled to an attachment. (*Longmaid* v. *Coulter,* 123 Cal. 208 [55 Pac. 791]; 3 Cal. Jur. 419.)" A hearing in this case was denied by the Supreme Court of December 4, 1936.

It is at once apparent from the foregoing language of the District Court of Appeal that respondent herein was without legal right or warrant of law in obtaining the attachment here in question, and an averment of such fact would bring the present cause of action within the rule contended for by respondent. Appellants should be given the opportunity, if so advised, to amend their complaint accordingly. It was the obtaining by respondent of the illegal attachment and the prosecution and enforcement thereof that constitutes the basis

of appellants Stahler's cause of action; and in the interests of justice they should be permitted to plead it.

As to appellant Marion Merron, respondent contends that any cause of action in her favor is barred by reason of the running of the statute of limitations requiring that an action for malicious prosecution must be brought within two years from the date of the levy of the attachment when the gist of the action is the alleged wrongful and malicious issuance and levying of the attachment. Undoubtedly it is the law that where the gist of the action is a malicious prosecution, the statute begins to run when the wrongful act is done, and the limitation is two years (*McCusker* v. *Walker,* 77 Cal. 208, 212 [19 Pac. 382]), but it is also the law that before the malicious prosecution action can be maintained it must be alleged and shown that the proceedings upon which it is based have been legally terminated. (*Hurgren* v. *Union Mut. Life Ins. Co.,* 141 Cal. 585 [75 Pac. 168].) This action upon which this litigation is predicated, in so far as appellant Marion Merron is concerned was filed by respondent title company in the superior court in December, 1931. At the trial the court found for the defendant Marion Merron, on the basis of which an action for damages for malicious prosecution was filed by her in December, 1934. Having prevailed in the superior court, appellant Marion Merron could not prosecute an appeal from a judgment in her favor (Code Civ. Proc., sec. 938; *Smith* v. *Mingramm,* 104 Cal. App. 95 [285 Pac. 354]; *Luckenbach* v. *Laer,* 190 Cal. 395 [212 Pac. 918]), nor could she appeal from a judgment entered, as it was, against her codefendants. (*Hibernia Sav. & Loan Soc.* v. *Ordway,* 38 Cal. 679.) But her codefendants did appeal, and in answer to her action for malicious prosecution commenced in December, 1934, the respondent herein, who was the defendant in that suit, alleged in its answer that the order or judgment in the original action upon which Marion Merron's malicious prosecution suit was founded had not become final, and that therefore the malicious prosecution suit then commenced by her was premature. At the trial the superior court so held, and accordingly granted a motion to dismiss on that ground. On an appeal by Marion Merron to this court (*Merron* v. *Title Guarantee & Trust Co.,* 11 Cal. App. (2d) 565 [54 Pac. (2d) 61]), this court upheld the contention of the respondent title company that because an appeal was pending in the original action (*Title Guarantee & Trust Co.*

v. *Stahler et al., supra*), the malicious prosecution suit by Marion Merron was prematurely instituted. The judgment on that appeal in the original action commenced by respondent title company and upon which the malicious prosecution action was based, became final about September 4, 1936, and the instant action for malicious prosecution now before us was commenced November 6, 1936, well within two years after the judgment in the original proceeding became final. The claim of respondent title company urged before and sustained by this court in the case of *Merron* v. *Title Guarantee & Trust Co., supra*, that the action for malicious prosecution could not be brought until the judgment in the case which gave rise to it had become final, became the law of this case; and after successfully establishing that as the law of the case, respondent title company cannot now be heard to repudiate such law of the case as was established by the aforesaid decision. Consequently, as to appellant Marion Merron, the court below erred in sustaining the demurrer without leave to amend upon the ground that the statute of limitations had run against the same. The complaint, as to Marion Merron, states a cause of action against respondent title company.

 Respondent's claim that there is an improper joining of several purported causes of action is without merit. But one cause of action is stated, and it is alleged that by reason thereof several plaintiffs have been damaged. This is proper.

Conceding that some uncertainties and ambiguities exist in the complaint, as claimed by respondent, these might be corrected by amendment, which the court should permit to be made. While plaintiffs did not ask for leave to amend in the lower court, neither did they refuse so to do, nor were they afforded such an opportunity. In the face of the facts of this case as indicated by the record before us, we have no hesitancy in saying that the interests of justice require that plaintiffs be accorded an opportunity to amend their complaint if they be so advised.

The judgment is reversed and the cause remanded, with directions to the court below to proceed in accordance with the views herein expressed.

Doran, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 13, 1938, and an application

by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 11, 1938. Edmonds, J., voted for a hearing.