[Civ. No. 47304. Second Dist., Div. Two. Apr. 27, 1976.]

LEE SOBLE, Plaintiff and Appellant, v.
DEE JANE KALLMAN, Defendant and Respondent.

720

**COUNSEL**

Donald P. Gudin for Plaintiff and Appellant.

Paul Kallman for Defendant and Respondent.

**OPINION**

**FLEMING, J.**—Plaintiff Lee Soble appeals the dismissal of his action for malicious prosecution after the trial court sustained without leave to amend a demurrer of defendant Dee Jane Kallman to the amended complaint on the ground the action was barred by the statute of limitations.

The amended complaint alleges that on 14 November 1968 Kallman, maliciously and without cause, commenced a civil action for assault and battery against Soble. Kallman served a summons on Soble but took no further steps to prosecute her action. On 30 November 1973 the trial court on its own motion dismissed her action for not having been brought to trial within five years and ordered the clerk to give notice of dismissal to counsel of record. The superior court file does not reflect the mailing of such notice by the clerk, and it is agreed that neither party

served notice of the dismissal. On 13 February 1975 Soble sued Kallman for malicious prosecution.

An action for malicious prosecution must be filed within one year of the accrual of the cause of action. (Code Civ. Proc., § 340, subd. 3; *Dept. of Mental Hygiene* v. *Hsu,* 213 Cal.App.2d 825, 826-827 [29 Cal.Rptr. 244].) ■ Soble contends his action was timely filed, and he reasons thus: his cause of action did not accrue until Kallman's suit had terminated in his favor (*Jaffe* v. *Stone,* 18 Cal.2d 146, 149 [114 P.2d 335, 135 A.L.R. 775]); Kallman's suit did not finally terminate until the expiration of her time for appeal, which was 180 days from the dismissal of her action because notice of dismissal had not been mailed by the clerk or served by the parties (Cal. Rules of Court, rule 2(a)); consequently, Soble's action for malicious prosecution was timely filed within one year of the termination of Kallman's suit.

The flaw in Soble's logic lies in its premise that Kallman's suit was not terminated in his favor until the time for appeal had expired. We have found only one square California ruling on this issue, *Anderson* v. *Coleman,* 56 Cal. 124, which holds that a cause of action for malicious prosecution accrues at the time judgment on the underlying action is entered in the trial court. There a two-year statute of limitations for malicious prosecution of an action for injunctive relief was involved, and about its commencement the Supreme Court said: "The writ of injunction was dissolved March 9th, 1875. Plaintiffs' cause of action, if they had any, was then complete, even if not perfect when the writ was sued out; it was not delayed, or the time postponed, by the fact that Coleman had sixty days in which to appeal from the order dissolving the writ. Plaintiffs at least had two years, from and after March 9th, 1875, in which to commence their action. They did not commence it until March 20th, 1877. Their right of action did not at all depend upon the subsequent proceedings in that suit. It was the writ that they complained of, and the force of that writ was spent upon its dissolution. If plaintiffs ever had a cause of action, it was barred by the Statute of Limitations." (56 Cal. at p. 126.)

Decisions in other jurisdictions are in accord. (*Board of Ed. of Miami Trace Local Sch. Dist.* v. *Marting* (1966) 7 Ohio Misc. 64 [217 N.E.2d 712, 717-718]; *Allen* v. *Burdett* (1921) 89 W.Va. 615 [109 S.E. 739, 740-741]; *Luby* v. *Bennett* (1901) 111 Wis. 613 [87 N.W. 804, 806]; *Foster* v. *Denison* (1896) 19 R.I. 351 [36 A. 93]; see Annot., 87 A.L.R.2d 1047, 1064-1065.)

Lack of finality in the underlying judgment is a matter for abatement or defense. In *Carter* v. *Paige,* 80 Cal. 390, 392-393 [22 P. 188], the Supreme Court explained: ". . . . It was not necessary, after alleging the giving and entry of the judgment, to allege further that it was in full force and effect, and not vacated, set aside, reversed, or appealed from. Such allegations are not uncommon where a judgment is pleaded, but they are not necessary. If the judgment has been appealed from, or set aside, or reversed, or is for any reason no longer in force, the allegation of that fact comes more properly from the party against whom it is pleaded." (See also *Merron* v. *Title Guarantee etc. Co.,* 11 Cal.App.2d 565 [54 P.2d 61].)

Soble cites Code of Civil Procedure, section 1049: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." We find no indication, however, that the Legislature intended this general section of the Code, catalogued under "General Provision," to control the period of limitation for commencing an action for malicious prosecution. The issue is not whether further action in the underlying prosecution is forever precluded, but whether the underlying action is sufficiently terminated to authorize counteraction by the aggrieved party.

A few cases contain dictum to the contrary. For example, in *Rich* v. *Siegel,* 7 Cal.App.3d 465, 469 [86 Cal.Rptr. 665], the court held that an order for partial summary judgment did not qualify as favorable termination of the underlying action, and then went on to state: "In the instant case, there has been no such termination of the prior proceeding. Defendant can only appeal the partial summary judgment when judgment is ultimately rendered in case No. 930087. (*Swaffield* v. *Universal Ecsco Corp.,* 271 Cal.App.2d 147 [76 Cal.Rptr. 680].) Until the court's order granting the partial summary judgment is either affirmed on appeal, or the time in which to take appeal passes, defendant Siegel's action against plaintiff is still pending. A judgment is not final so long as the action or proceeding in which it was rendered is still pending. (*Pacific Gas & Elec. Co.* v. *Nakano,* 12 Cal.2d 711 [87 P.2d 700, 121 A.L.R. 417].) So long as the action is still pending, there has been no *favorable termination,* and a malicious prosecution suit will not lie. (See *Albertson* v. *Raboff,* 46 Cal.2d 375, 378 [295 P.2d 405] . . . .)"

But the operative factor in *Rich* v. *Siegel* was that no judgment had yet been entered in the underlying prosecution. The cited cases, *Pacific Gas*

& *Elec. Co.* v. *Nakano,* and *Albertson* v. *Raboff,* did not consider the running of the statute of limitations.

We think the logic of *Anderson* controls, and that Soble's cause of action for malicious prosecution accrued on entry of judgment of dismissal of Kallman's action, at which time he became entitled to sue for malicious prosecution. The clerk's failure to give notice of the dismissal to counsel of record, if such was the fact, neither prevented Soble from pursuing his grievance nor tolled the running of the statute of limitations. Consequently, Soble's action for malicious prosecution, filed more than fourteen months after dismissal of Kallman's assault and battery action, was barred by the one-year statute of limitations.

The order of dismissal is affirmed.

Roth, P. J., and Compton, J., concurred.