[No. B015019. Second Dist., Div. Seven. July 22, 1986.]

ROBERT W. GIBBS, Plaintiff and Appellant, v.
HAIGHT, DICKSON, BROWN & BONESTEEL et al.,
Defendants and Respondents.

**COUNSEL**

Robert W. Gibbs, in pro. per., for Plaintiff and Appellant.

Roy G. Weatherup, in pro. per., Haight, Dickson, Brown & Bonesteel, Ford R. Smith and Hall R. Marston for Defendants and Respondents.

## OPINION

**LILLIE, P. J.**—Plaintiff, Robert Gibbs,[1] appeals from judgment dismissing his action for malicious prosecution as to defendants Haight, Dickson, Brown & Bonesteel and Roy Weatherup after their demurrer to the complaint was sustained without leave to amend.

### FACTUAL AND PROCEDURAL BACKGROUND

Southwest Properties, Inc., Clifford and Eleanor Wolfswinkel and Calvin Wolfswinkel retained Robert Gibbs to represent them as their lead counsel in an Arizona lawsuit to which they were parties. Gibbs represented Southwest Properties, Inc. and the Wolfswinkels until the Arizona court granted his motion to withdraw as their counsel on several grounds including failure to pay attorney fees and costs. Thereafter, in the Superior Court of California for the County of Los Angeles, Gibbs sued Clifford and Eleanor Wolfswinkel and Southwest Properties, Inc. to recover attorney fees and expenses incurred in withdrawing as their counsel in the Arizona lawsuit. (Case No. C-136293.) The defendants retained Haight, Dickson, Brown & Bonesteel and Roy Weatherup to represent them in Gibbs' action. Defendants and said attorneys prepared and filed a cross-complaint seeking damages for breach of contract and legal malpractice, and thereafter caused the cross-complaint to be prosecuted against Gibbs. Following a jury trial verdict was rendered in favor of Gibbs on both the complaint and the cross-complaint. On August 31, 1979, judgment on the verdict was entered. Defendants appealed. The judgment was affirmed in an unpublished opinion of the Court of Appeal filed February 28, 1983 (*Gibbs* v. *Wolfswinkel,* 2 Civ. No. 61117). Defendants petitioned the Supreme Court for a hearing; the petition was denied May 4, 1983.

On April 30, 1984, Gibbs filed a complaint for malicious prosecution against Clifford and Eleanor Wolfswinkel, Southwest Properties, Inc., Haight, Dickson, Brown & Bonesteel and Roy Weatherup. After alleging the facts recited above, the complaint averred: Defendants acted maliciously and without probable cause in asserting their claims for breach of contract

---

[1]The complaint named as plaintiffs Robert Gibbs and the law offices of Robert Gibbs, a professional corporation. For purposes of the present appeal we regard Gibbs as the sole plaintiff.

and legal malpractice by cross-complaint in the prior action (case No. C-136293); as a proximate result of defendants' conduct, plaintiff sustained damages including expenses in excess of $100,000 in defending against the cross-complaint, loss of income in excess of $1 million, emotional distress and injury to his professional reputation.

Haight, Dickson, Brown & Bonesteel and Roy Weatherup (attorney defendants) demurred generally to the complaint on the grounds that (1) the ·record of the prior action establishes as a matter of law that there was probable cause for prosecution of the cross-complaint against plaintiff; and (2) the present action is barred by the statute of limitations (Code Civ. Proc., § 340, subd. (3)). The demurrer was overruled on the first ground but sustained without leave to amend on the second ground. Judgment was entered dismissing the action as to the attorney defendants. (Code Civ. Proc., §§ 581, subd. (c), 581d.) Plaintiff appeals from the judgment.[2]

## DISCUSSION

■ An action for malicious prosecution must be filed within one year of the accrual of the cause of action. (Code Civ. Proc., §§ 312, 340, subd. (3); *Soble* v. *Kallman* (1976) 57 Cal.App.3d 719, 721 [129 Cal.Rptr. 373].) The cause of action accrues at the time of favorable termination of the underlying action,[3] which occurs at the time of entry of the judgment on that action in the trial court. (*Scannell* v. *County of Riverside* (1984) 152 Cal.App.3d 596, 615-616 [199 Cal.Rptr. 644]; 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 400, p. 430.) The fact that the time for appeal from the judgment has not yet run does not prevent the suit and therefore does not stay the running of the one-year statute of limitations until expiration of the time for appeal. (*Soble* v. *Kallman, supra,* 57 Cal.App.3d 719, 721-723; 3 Witkin, *op. cit. supra.*)

Appellant argues that such principle is inapplicable where, as in the present case, the judgment in the underlying action does not merely go unchallenged during the period for appeal but instead is the subject of an appeal. Respondents dispute this contention, citing *Sharp* v. *Miller* (1880) 54 Cal.

---

[2]Because the judgment left no issues to be decided between plaintiff and the attorney defendants, it is appealable even though the action is still pending as to the other defendants. (*Buckaloo* v. *Johnson* (1975) 14 Cal.3d 815, 821, fn. 3 [122 Cal.Rptr. 745, 537 P.2d 865]; *Gilbert* v. *Sacramento Unified School Dist.* (1968) 258 Cal.App.2d 505, 508 [65 Cal.Rptr. 913].)

[3]To establish a cause of action for the malicious prosecution of a civil action the plaintiff must plead and prove that the prior action was commenced by or at the direction of the defendant; was pursued to a legal termination in the plaintiff's favor; was brought without probable cause; and was initiated with malice. (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].)

329. In *Sharp* a complaint for malicious prosecution, filed October 30, 1877, alleged that defendant procured one Morris to institute and prosecute an action against plaintiff for the recovery of $51,000; in said action defendant maliciously and without probable cause procured issuance of a writ of attachment and caused the writ to be levied on plaintiff's property; the writ remained a lien on the property until January 23, 1877, when judgment in plaintiff's favor was affirmed. Defendant demurred on the ground the action was barred by the two-year statute of limitations. The demurrer was overruled and defendant answered, again asserting the bar of the statute of limitations. Evidence adduced at the trial established that judgment in the underlying action was entered in favor of plaintiff on August 13, 1875, and that the attachment therein was released and finally dissolved on October 12, 1875. The court determined that the complaint stated a cause of action for malicious prosecution of the writ of attachment and, in reversing judgment for plaintiff, stated: "[T]he evidence conclusively proved that the only cause of action stated in the complaint was barred by the Statute of Limitations." (*Sharp* v. *Miller, supra,* 54 Cal. at p. 332.)

On the basis of the *Sharp* case, one authority places the California Supreme Court among those courts which hold that the pendency of an appeal in the civil suit alleged to be maliciously prosecuted does not prevent the running of the statute of limitations against a malicious prosecution action based on a successful termination in the trial court. (Annot. (1963) 87 A.L.R.2d 1047, 1062-1063.) We do not believe that *Sharp* so holds. As construed by the Supreme Court, the complaint in that case was based not on malicious prosecution of the underlying action, but on malicious prosecution of the writ of attachment issued therein. "As early as 1851 the second Legislature assembled in California saw fit to enact into law, and to grant to unsecured creditors whose demands arose from contracts, the provisional and summary remedy known as 'attachment' proceedings in order to insure that the ends of successful litigation should not be fruitlessly pursued or frustrated." (*Halstead* v. *Halstead* (1946) 72 Cal.App.2d 832, 836 [165 P.2d 513].) ■ Attachment is an ancillary remedy to aid in the collection of a money demand by seizure of property in advance of trial and judgment. (6 Witkin, Cal. Procedure (3d ed. 1985) Provisional Remedies, § 35, p. 45.) An order discharging an attachment is appealable (Code Civ. Proc., § 904.1, subd. (e)) and was appealable when the *Sharp* case was decided. (See Code Civ. Proc., former § 963, enacted in 1872; *Mudge* v. *Steinhart* (1888) 78 Cal. 34, 38 [20 P. 147].) In *Sharp* the appeal was taken from the judgment in the underlying action, not from the order therein releasing and dissolving the attachment, the favorable termination which was the basis of the malicious prosecution action. Inasmuch as that action was commenced more than two years after entry of the order, it was held to be barred by the statute of limitations. *Sharp* is not authority for the proposition that where

an appeal is taken from a judgment which constitutes the favorable termination of the prior action, the statute of limitation for malicious prosecution commences to run upon entry of the judgment in the trial court, not upon affirmance of the judgment. Our research discloses no California case which so holds.

Respondents contend that in other jurisdictions, while the pendency of an appeal from the judgment in the underlying action may require a stay of the malicious prosecution action until resolution of the appeal, the statute of limitations commences to run on the date the judgment is entered in the trial court, not on the date the judgment is affirmed. In support of this contention respondents cite *Levering* v. *National Bank of Morrow County* (1912) 87 Ohio St. 117 [100 N.E. 322], wherein the Supreme Court of Ohio stated: "The general rule is that, until the original suit between the parties has been legally terminated in favor of the plaintiff in the malicious prosecution action, the latter has no remedy, because until that point is reached no presumption of malice and want of probable cause arises. That presumption arises eo instante when the court which has jurisdiction of the original action renders judgment for the defendant, the plaintiff in the malicious prosecution case. A proceeding in error could not affect the right of the defendant to bring his action for malicious prosecution, because, if the judgment in his favor should be affirmed by the reviewing court, the presumption in his favor continues, and, if the judgment should be finally reversed, that may be pleaded as a defense to the pending action for malicious prosecution. The pendency of a proceeding in error may be a good reason for a stay of the proceedings in the action for malicious prosecution until the error proceeding is disposed of, but it would be no reason for dismissing the petition for damages on account of malicious prosecution." (P. 323.)

■ Unlike the law of Ohio, in California a civil action for malicious prosecution is premature, and will be dismissed, if brought while an appeal in the underlying action is pending. (*Friedman* v. *Stadum* (1985) 171 Cal.App.3d 775, 778-779 [217 Cal.Rptr. 585]; *Merron* v. *Title Guarantee & Trust Co.* (1938) 27 Cal.App.2d 119, 122-123 [80 P.2d 740].) "Although there are no California decisions directly on point, all other authority recognizes the general rule that a civil action for malicious prosecution will not lie while an appeal in the underlying action is pending. [Citations.] So well settled is this rule that it appears in a comment to the Second Restatement of Torts . . . . [¶] The cases Friedman cites for the contrary proposition are inapposite. In *Jaffe* v. *Stone* (1941) 18 Cal.2d 146, 149 [114 P.2d 335, 135 A.L.R. 775], and *Soble* v. *Kallman* (1976) 57 Cal.App.3d 719, 721 [129 Cal.Rptr. 373], there was no appeal taken from the judgment in the underlying action. The question posed here was therefore never reached. [¶] *There was no favorable termination of the defamation action at the time*

*Friedman brought this suit because Stadum's appeal was still pending* before the Third Appellate District. The filing of this malicious prosecution action was therefore premature; the trial court properly sustained the demurrer and dismissed this cause of action." (*Friedman* v. *Stadum, supra,* 171 Cal.App.3d at pp. 778-779; italics added.)

█ Thus, the pendency of an appeal from the judgment in the underlying action prevents the maintenance of a malicious prosecution action based on that judgment. However, such cause of action accrues upon entry of the judgment in the trial court and the running of the one-year statute of limitations is not tolled during the time for appeal from the judgment. (*Soble* v. *Kallman, supra,* 57 Cal.App.3d 719.) In the case at bench judgment in the prior action was entered August 31, 1979, and notice of appeal from the judgment was filed October 23, 1979.[4] Accordingly, the statute of limitations on appellant's malicious prosecution cause of action ran for 53 days, from the date the cause of action accrued upon entry of the judgment to the date of filing of notice of appeal. While the statute thereafter was tolled for three years, six months and eleven days during pendency of the appeal (Oct. 23, 1979—May 4, 1983), it commenced to run again on the latter date when the appeal process was exhausted with the denial of petition for hearing. Appellant's malicious prosecution action was filed 361 days later, on April 30, 1984. To this 361-day period must be added the 53 days which elapsed between entry of judgment in the underlying action (Aug. 31, 1979) and filing of notice of appeal (Oct. 23, 1979). Inasmuch as the resulting total of 414 days exceeds the applicable 1-year statute of limitations, the present malicious prosecution action is barred.

## DISPOSITION

The judgment is affirmed.

Thompson, J., and Johnson, J., concurred.

---

[4]In conjunction with their demurrer, respondents requested that the trial court take judicial notice of the record in the prior action. (Code Civ. Proc., §§ 430.30, subd. (a), 430.70; Evid. Code, §§ 452, subd. (d)(1), 453.) The trial court did so and ascertained that the notice of appeal therein was filed October 23, 1979.