[No. B035106. Second Dist., Div. Four. Mar. 21, 1989.]

KORODY-COLYER CORPORATION, Plaintiff and Appellant, v. GENERAL MOTORS CORPORATION, Defendant and Respondent.

**COUNSEL**

John Joseph Hall for Plaintiff and Appellant.

Blecher & Collins, Maxwell M. Blecher and Ann I. Jones for Defendant and Respondent.

**OPINION**

**WOODS (A. M.), P. J.**—Appellant Korody-Colyer Corporation (K.C.) brought a malicious prosecution action against General Motors Corporation (G.M.). G.M. demurred on the grounds that the action had been filed

in excess of the applicable statute of limitations. The demurrer was sustained and judgment entered in favor of G.M. K.C. appeals.

We treat as true the allegations of the complaint.

In January 1980, K.C. filed an action for declaratory relief in federal court seeking to have United States Patent No. 3,555,972, owned by G.M., declared invalid. G.M. responded with a counterclaim against K.C. for patent infringement. K.C. prevailed in its action, succeeded in having G.M.'s patent declared invalid, and G.M.'s counterclaim dismissed. Judgment was entered on August 15, 1984. On September 10, 1984, G.M. appealed. The judgment was affirmed by the Federal Circuit of the United States Court of Appeals in an opinion filed on May 1, 1985.[1]

Thereafter, on April 23, 1986, K.C. filed the present action for malicious prosecution based on G.M.'s unsuccessful counterclaim.[2] G.M. demurred, contending that the action had been initiated in excess of the one-year statute of limitations provided for malicious prosecution actions by Code of Civil Procedure section 340, subdivision (3).

Both sides agreed that the statute was tolled during the pendency of G.M.'s appeal of the underlying judgment. The issue was whether the period recommenced when the federal circuit entered its opinion on May 1, 1985, or when the mandate issued on June 10. The court below agreed with G.M. that the statute ran from the earlier date and sustained the demurrer without leave to amend. Judgment was entered and this appeal taken. We reverse.

## I

"An action for malicious prosecution must be filed within one year of the accrual of the cause of action. [Citations.][3] (*Rare Coin Galleries, Inc.*

---

[1] The appellate court's mandate was issued on June 10, 1985.

[2] "To establish a cause of action for the malicious prosecution of a civil action the plaintiff must plead and prove that the prior action was commenced by or at the direction of the defendant; was pursued to a legal termination in the plaintiff's favor; was brought without probable cause; and was initiated with malice. [Citation.]" (*Gibbs* v. *Haight, Dickson, Brown & Bonesteel* (1986) 183 Cal.App.3d 716, 719, fn. 3 [228 Cal.Rptr. 398].)

[3] G.M. asserts, for the first time, that federal rather than state law controls the disposition of this case. As will become evident in this opinion, our result is the same whether the issue is analyzed in terms of state or federal procedural law.

G.M.'s citation to rule 36 of the Federal Rules of Appellate Procedure, which relates to entry of judgment, does not require a contrary result. Rule 36 is preliminary to the issuance of mandate covered in rule 41(a) of the Federal Rules of Appellate Procedure which states: "The mandate of the court shall issue 21 days *after the entry of judgment* . . . ." (Italics added.) Plainly, then, entry of judgment is not the final act in the appellate process.

v. *A-Mark Coin Co., Inc.* (1988) 202 Cal.App.3d 330, 334 [248 Cal.Rptr. 341]; Code Civ. Proc., § 340, subd. (3).) "That cause of action accrues at the time of entry of judgment of the underlying action in the trial court. [Citation.]" (*Scannell* v. *County of Riverside* (1984) 152 Cal.App.3d 596, 616 [199 Cal.Rptr. 644]; *Rare Coin Galleries, Inc.* v. *A-Mark Coin Co., Inc., supra,* at pp. 334-335.) If the underlying action is appealed, the statute is tolled during the pendency of the appeal, from the time notice of appeal is filed (*Gibbs* v. *Haight, Dickson, Brown & Bonesteel, supra,* 183 Cal.App.3d at p. 722; *Friedman* v. *Stadum* (1985) 171 Cal.App.3d 775, 778-779 [217 Cal.Rptr. 585]), to the time the remittitur is issued by the appellate court. (*Rare Coin Galleries, Inc.* v. *A-Mark Coin Co., Inc., supra,* at pp. 335-337.)

The reason the statute is tolled until the remittitur is issued rather than when the Court of Appeal's opinion becomes final was explained in the *Rare Coin* decision. As in our case, *Rare Coin* involved dismissal of a malicious prosecution action on the grounds that the statute of limitations had expired. There, too, the underlying judgment had been appealed and was affirmed. Pursuant to court rule, the decision of the Court of Appeal became final 30 days after it was filed. The remittitur, however, was not issued until nearly five months later, after the Supreme Court denied hearing.

The malicious prosecution action was filed within one year of issuance of the remittitur but more than one year after the Supreme Court denied hearing. On summary judgment, the trial court agreed with defendant's contention that the limitations period recommenced upon the latter event. The Court of Appeal disagreed and reversed, holding that the time runs from the issuance of the remittitur.

The court pointed out that only when the remittitur is issued does "the jurisdiction of the appellate court cease[ ], and jurisdiction [revest] in the superior court. [Citation.]" (*Rare Coin Galleries, Inc.* v. *A-Mark Coin Co., Inc., supra,* 202 Cal.App.3d at p. 336.) Until then, the parties may seek rehearing before the Court of Appeal or review by the Supreme Court and appellate jurisdiction remains intact. Further, the court noted that the remittitur is normally not issued by the clerk of the Court of Appeal until expiration of the period within which the Supreme Court may grant review, even though review may be denied prior to expiration of that period. "[T]he Supreme Court still has jurisdiction [and] may reconsider its order denying review and grant hearing." (*Ibid.*) Though "admittedly [a] remote possibility," the court concluded that as long as the Supreme Court had jurisdiction over the underlying appeal a malicious prosecution action would be

premature. Accordingly, the statute remained tolled until the remittitur issued, finally terminating the appellate process. (*Id.,* at pp. 336-337.)[4]

We conclude that there is no real difference between the issuance of a remittitur by the state Court of Appeal and the issuance of a mandate by the federal court of appeals insofar as their tolling effect on the statute of limitations in malicious prosecution actions is concerned. Until one or the other is issued, the appeal of the underlying action is still pending and the statute is tolled. Our result is supported by examination of relevant federal procedure.

According to rule 41(a) of the Federal Rules of Appellate Procedure (hereinafter rule 41(a)), "[t]he mandate of the court shall issue 21 days after the entry of judgment unless the time is shortened or enlarged by order." "Until the mandate is issued, a case is not closed. The parties may petition the court for a rehearing. The court may decide to rehear the case en banc. [Citations.]" (*United States* v. *Ross* (9th Cir. 1981) 654 F.2d 612, 616.) Just as in the state system, then, the appellate court retains jurisdiction over the underlying action until the mandate is issued. (*Sethy* v. *Alameda Cty. Water Dist.* (9th Cir. 1979) 602 F.2d 894, 897.)

*Sethy* illustrates the point. The issue in *Sethy* was whether an appeal is still pending after a petition for rehearing has been denied but the mandate has not yet issued. The ninth circuit answered in the affirmative.

The appellant in *Sethy* prevailed in his civil rights action against a municipal water district. The water district appealed. The judgment was affirmed in an opinion filed on September 20, 1976. The water district petitioned for rehearing. On October 26, 1976, the petition was denied but the mandate did not issue until November 3, 1976.

Meanwhile, a federal act authorizing the awarding of attorney's fees in civil rights actions like appellant's was signed into law on October 19. Appellant then sought attorney's fees in district court. His motion was denied on the theory that the filing of the opinion in the underlying case on September 20 terminated the action, making the act, which was effective on October 19, inapplicable. On appeal, the ninth circuit reversed.

---

[4]G.M.'s citation to *Soble* v. *Kallman* (1976) 57 Cal.App.3d 719, 722 [129 Cal.Rptr. 373], for the proposition that the statute runs when the underlying action is "sufficiently terminated," is out of context. There was no appeal of the underlying action in *Soble* and so the question of what terminates the appellate process never arose. It is not, therefore, relevant to that issue. (*Farah* v. *Superior Court* (Cal.App.) [an opinion is not authority for a proposition not therein considered].)

The court stated: "Although our opinion affirming the district court's judgment was filed before the Act was signed, our mandate did not issue until . . . fifteen days after the Act went into effect. This court retained control of the judgment until the mandate issued. [Citation.]" (*Sethy* v. *Alameda Cty. Water Dist., supra,* 602 F.2d at p. 897.) Accordingly, the court concluded that the action was pending "until *finality* was achieved" when the mandate issued, and appellant was entitled to seek attorney's fees under the act. (*Ibid.;* italics added.)

 We find *Sethy* persuasive authority that in appeals pending before the federal court of appeals, "finality" is not "achieved" until the mandate issues. In the context of our case, therefore, until the mandate was issued the statute of limitations for K.C.'s malicious prosecution action was tolled.[5]

## II

G.M. makes an alternative argument respecting the length of the tolling period. Rule 41(a) calls for issuance of the mandate within 21 days after entry of judgment. In our case, the mandate was issued 39 days after entry of judgment. G.M. contends that the tolling, if any, should be confined to the 21-day period prescribed by statute. We disagree.

While it is true that rule 41(a) states that the mandate "shall" be issued 21 days after entry of judgment, this language is not jurisdictional. (*Sparks* v. *Duval Country Ranch Co., Inc.* (5th Cir. 1979) 604 F.2d 976.) Responding to the argument that it lacked jurisdiction to order an en banc rehearing of an appeal where no petition for rehearing had been filed, nor mandate issued within 21 days, the *Sparks* court stated: "[W]e do not think a failure to perform that duty [issuance of the mandate] punctually would deprive the court of jurisdiction. The rule grants us power to shorten or enlarge the specified period by order. . . . And even had there been no order, our jurisdiction would not have been affected, though it may be that in a proper case we might have been subject to a peremptory writ." (*Id.,* at p. 979.)

Accordingly, we hold that appeal in this case remained pending in the federal circuit until the mandate was issued, tolling the statute of limitations

---

[5] G.M.'s characterization of the issuance of the mandate as mere formality or ministerial begs the question of its effect on appellate jurisdiction. To say that an act is a formality is not to say that it is meaningless.

G.M. also relies on a district court case, *Davis* v. *United States Steel Corp.* (E.D.Pa. 1981) 528 F.Supp. 220, which involved the issue of whether the statute of limitations on appellant's individual federal civil rights action began to run upon entry of an opinion in the appeal of a class action suit involving similar claims. The court there rejected the argument that the statute was tolled until the mandate was issued. We are not persuaded by *Davis* and decline to follow it here.

in K.C.'s malicious prosecution action until June 10, 1985. The action, filed on April 23, 1986, was, therefore, timely and the demurrer was improperly sustained.

The judgment is reversed. K.C. to recover costs.

McClosky, J., and George, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 7, 1989.