Carl E. BERG, Plaintiff,

v.

Hayden LEASON, an individual; Heller, Ehrman, White & McAuliffe, a partnership including professional corporations; Heller, Ehrman, White & McAuliffe, a California law corporation; Paul Alexander, an individual; Stephen V. Bomse, an individual; Spencer Hosie, an individual; Stuart C. Clark, an individual; Stanley Young, an individual; and Does One through Ten, inclusive, Defendants.

No. C 92–20283 JW.

United States District Court, N.D. California, San Jose Division.

July 1, 1992.

**5.** *McMichael,* 709 F.2d at 1271.

Amy L. Freisleben, Gabriel, Herman & Peretz, Los Angeles, Cal., for plaintiff.

Jan Nielsen Little, Keker, Brockett, & Van Nest, San Francisco, Cal., for defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

WARE, District Judge.

Plaintiff Carl E. Berg moves to remand this action to state court for lack of federal subject matter jurisdiction. For the reasons set forth below, the motion is DENIED. Moreover, Defendants Hayden Leason, et al., move to dismiss Plaintiff's complaint, contending it is time barred by the statute of limitations. Additionally, Defendants move to dismiss Defendants Stephen V. Bomse, Spencer Hosie, Stuart C. Clark, and Stanley Young because they were not named as defendants until Plaintiff filed his First Amended Complaint. For the reasons set forth below, the motion to dismiss is DENIED IN PART and GRANTED IN PART.

## BACKGROUND

The present dispute originates from a lawsuit filed in November 1983. Defendants sued Plaintiff, among others, for violating the Securities Exchange Act of 1934, Commission Rule 10b-5, and RICO, and for committing (1) federal securities fraud, (2) conspiracy to violate federal securities laws, (3) common law fraud, (4) California securities law fraud, and (5) negligence and negligent misrepresentation. *Leason v. Actrix,* Case No. C 84–20208 WHO.

All claims raised against Plaintiff were resolved in Plaintiff's favor by summary judgment. The District Court's order granting summary judgment was issued January 24, 1989. The remainder of the case was ultimately settled, and final judgment was entered on May 2, 1989. On March 15, 1989, Defendants filed a notice of appeal. The Ninth Circuit Court of Appeals affirmed the District Court and issued its mandate on March 25, 1991.

On February 28, 1991, Plaintiff filed the instant malicious prosecution action in Santa Clara County Superior Court. Plaintiff named Hayden Leason, Heller, Ehrman, et al., and Paul Alexander as Defendants. Plaintiff filed his First Amended Complaint on March 31, 1992, naming additional Defendants Stephen V. Bomse, Spencer Hosie, Stuart C. Clark, and Stanley Young.

Defendants removed the matter to this Court pursuant to 28 U.S.C. § 1441(b).[1] However, Plaintiff contends Defendants improvidently removed this action because the complaint relies solely on state law for relief. Plaintiff now moves to remand and seeks attorney fees pursuant to 28 U.S.C. § 1447(c).[2]

Defendants contend that Plaintiff's malicious prosecution claim accrued on the date the District Court granted Plaintiff's motion for summary judgment. As such, they contend Plaintiff did not file his present complaint within the one year statute of limitations. Defendants move to dismiss or, in the alternative, seek to dismiss the action against Defendants Bomse, Hosie, Clark, and Young since they were not named as Defendants until Plaintiff filed his First Amended complaint.[3]

## DISCUSSION

### A. PLAINTIFF'S MOTION TO REMAND

■ 28 U.S.C. § 1441(b) provides that any civil action brought in a state court, over which the District Court has original jurisdiction, may be removed to federal court. Original jurisdiction exists where there is diversity of citizenship between the parties or where a federal question arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1332, 1331. A claim "arises under" federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint. A defendant's assertion of a federal defense cannot establish federal jurisdiction where it does not already exist. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). Moreover, the party seeking removal has the burden of establishing federal subject matter jurisdiction. *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1371 (9th Cir.1987); *see also Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir.1984).

■ Generally, "[a] suit arises under the law that creates the cause of action." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 11, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983) *quoting American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). However, various exceptions to these rules exist. There are many "issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system," and section 1331 does not subsume them all. *Franchise Tax Board*, 463 U.S. at 8, 103 S.Ct. at 2846.

For example, a District Court may have jurisdiction where the "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Id.; see, e.g., Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921). If the resolution of the federal question plays "a significant role in the proceedings," the District Court has jurisdiction. *Hunter v. United Van Lines*, 746 F.2d 635, 646 (9th Cir.1984). Moreover, District Courts have jurisdiction over matters substantially reliant on "propositions that define federal rights, duties, or relationships," even if the plaintiff does not seek a federal remedy. *Guinasso v. Pacific First Federal Savings & Loan Ass'n*,

---

1. "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties...."

2. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.... [which] may require payment of just costs and any actual expenses, including attorney fees."

3. California Code of Civil Procedure § 340(3) provides a one year statute of limitations for malicious prosecution actions.

656 F.2d 1364, 1367 n. 7 (9th Cir.1981); *see also Hunter,* 746 F.2d at 644.

■ Although the instant case centers on the state tort law claim of malicious prosecution, it involves numerous federal issues. The issue of probable cause in malicious prosecution cases is a question of law, *Lucero v. Stewart,* 892 F.2d 52, 54 (9th Cir.1989), and, as such, requires analysis of the federal issues involved in the original suit. *See also Sheldon Appel Co. v. Albert & Oliker,* 47 Cal.3d 863, 254 Cal.Rptr. 336, 337, 765 P.2d 498 (1989). The alleged violations of securities laws and of RICO in the original suit are substantially reliant on "propositions that define federal rights, duties, or relationships." *Guinasso,* 656 F.2d at 1367 n. 7.

Accordingly, Plaintiff's motion to remand and for attorneys' fees is DENIED.

## B. DEFENDANTS' MOTION TO DISMISS

### 1. *Statute of Limitations.*

■ Defendants contend Plaintiff's claim is time barred by the statute of limitations. California Code of Civil Procedure § 340(3) provides that an action for malicious prosecution must be filed within one year of the accrual of the cause of action. *See Soble v. Kallman,* 57 Cal.App.3d 719, 129 Cal.Rptr. 373, 374 (1976). A cause of action for malicious prosecution accrues at the time *judgment* on the underlying action is entered in the trial court. *Soble,* 129 Cal. Rptr. at 374 *citing Anderson v. Coleman,* 56 Cal. 124 (emphasis added). In the instant case, summary judgment was entered on January 24, 1989, and final judgment was entered on May 2, 1989. Plaintiff's cause of action therefore accrued on May 2, 1989.

■ When an action is appealed, the statute of limitations is tolled during the pendency of the appeal, from the time the notice of appeal is filed until the issuance of a mandate by the Circuit Court. *Korody-Colyer Corp. v. General Motors Corp.,*

208 Cal.App.3d 1148, 256 Cal.Rptr. 658, 659–60. "Until the mandate is issued, a case is not closed." *United States v. Ross,* 654 F.2d 612, 616 (9th Cir.1981). Prematurely filed notices of appeal become valid upon the entry of judgment. *Ruby v. Secretary of Navy,* 365 F.2d 385 (9th Cir.1966) (en banc). "To hold ... that the notice of appeal is void ... would be technical in the extreme." *Song Jook Suh v. Rosenberg,* 437 F.2d 1098, 1099–1101 (9th Cir.1971).

■ Thus, in the instant case, Plaintiff's malicious prosecution claim accrued and the statute of limitations was tolled on the same date: May 2, 1989. The statute of limitations did not begin to run until the Circuit Court issued its mandate on March 25, 1991. As such, Plaintiff's complaint, filed on February 28, 1992, was filed within the one year statute of limitations.

Defendants contend that Plaintiff's cause of action accrued at the time this Court granted Plaintiff's summary judgment. They argue that because the Ninth Circuit treated the order as final and appealable, the filing of the order marked the accrual of the cause of action. This is not so. Although "judgments whose finality normally would depend upon a Rule 54(b) certificate may be treated as final if remaining claims subsequently have been finalized," *Baker v. Limber,* 647 F.2d 912, 916 (9th Cir.1981), the cause of action nonetheless does not accrue until judgment is set forth on a document distinct from any other memorandum or opinion.[4] Fed.R.Civ.P. 58 advisory committee note; *see also McCalden v. California Library Ass'n,* 919 F.2d 538, 541 (9th Cir.1990). The rationale behind this rule is to circumvent the problems created when a court's directive language appeared to dispose of an entire case, but was not labeled a judgment. *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384–385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1973). "The separate entry requirement was intended to add clarity to the time requirement, not confusion." *Hollywood v. City*

---

**4.** Federal Rule of Civil Procedure 58 provides that "Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)."

*of Santa Maria,* 886 F.2d 1228, 1231 (9th Cir.1989).

Accordingly, Defendants' motion to dismiss for failure to file within the one year statute of limitations is DENIED.

### 2. *Defendants Added to First Amended Complaint.*

Defendants alternatively move to dismiss the complaint against Defendants Stephen V. Bomse, Spencer Hosie, Stuart C. Clark, and Stanley Young, as these Defendants were not named until Plaintiff filed his First Amended Complaint. Plaintiff does not oppose this motion. Accordingly, Defendants' motion to dismiss Defendants Bomse, Hosie, Clark, and Young is GRANTED.

### CONCLUSION

1. Plaintiff's motion to remand for lack of federal subject matter jurisdiction is DENIED.

2. Defendants' motion to dismiss for Plaintiff's failure to file his complaint within the one year statute of limitations is DENIED.

3. Defendants' motion to dismiss against Defendants Stephen V. Bomse, Spencer Hosie, Stuart C. Clark, and Stanley Young is GRANTED.

IT IS SO ORDERED.