**E.R. LUCERO, also known as Eleanor R. Samonte, also known as Eleanor R. Lucero, Plaintiff–Appellant,**

v.

**Timothy A. STEWART, Defendant–Appellee.**

No. 88–15793.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 31, 1989 *.

Decided Dec. 14, 1989.

* At the joint request of the parties, this case was submitted on the briefs for disposition without oral argument. Fed.R.App.P. 34(f).

David M. Shapiro, Agana, Guam, for plaintiff-appellant.

John A. Spade, Mair, Mair, Hogan & Spade, Agana, Guam, for defendant-appellee.

Before SNEED, KOZINSKI and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Eleanor R. Lucero ("Lucero") appeals a decision of the appellate division of the district court of Guam ("appellate division"). The appellate division affirmed a judgment against Lucero in a malicious prosecution action she had brought against Timothy A. Stewart ("Stewart") in the Guam superior court ("superior court"). Lucero contends the superior court erred in concluding that Stewart, an attorney, had probable cause to file a counterclaim against her. Lucero also argues the superior court committed reversible error in admitting certain photographs into evidence and in permitting the jury to view the photographs during its deliberations. We have jurisdiction under 48 U.S.C. § 1424–3(c) and we affirm.

## FACTS AND PROCEEDINGS

Lucero owns the Bangkok Lounge ("the lounge") located in Maite, Guam. In a prior action, Lucero filed suit against Rog-er Landry ("Landry"), lessee of the lounge, for rents and ejectment. Stewart, acting as Landry's attorney, answered the suit and filed a five-count counterclaim against Lucero. The first four counts alleged certain defects in the lounge and sought injunctive and monetary relief for Landry. The fifth count alleged that similar conditions existed at Lucero's other rental properties, not occupied by Landry, and sought injunctive relief. All five counts in the counterclaim were resolved against Landry and in favor of Lucero.

Lucero then filed the present malicious prosecution action against Stewart. In this action, Lucero alleges that Stewart failed to conduct a reasonable investigation into the relevant facts before he filed the counterclaim for Landry in the prior suit. Lucero alleges Stewart lacked probable cause to file the counterclaim and filed it and pursued it to trial maliciously. During the trial of the present malicious prosecution action, Stewart sought to introduce into evidence certain photographs of the lounge. He had taken these photographs after he filed the counterclaim. He argued the photographs supported his contention that he had a reasonable factual basis for pursuing the counterclaim to trial in the first lawsuit. Over Lucero's objections, the superior court admitted the photographs into evidence.

After both sides rested, the superior court ruled that Stewart had probable cause to file counts I–IV of the counterclaim, but lacked probable cause to file count V. The malicious prosecution case then went to the jury on the sole question whether Stewart had filed and pursued count V in the first action for an improper purpose. The trial judge allowed the jury to take the photographs of the lounge into the jury room during deliberations. Lucero objected on the ground that the photographs would prejudice the jury. Lucero did not, however, request a limiting instruction as to the jury's consideration of the photographs and the court did not give one.

The jury found that Stewart had not brought count V for an improper purpose. Judgment was entered in favor of Stewart.

Lucero appealed. The appellate division affirmed the superior court's judgment. It determined that the superior court's ruling as to probable cause was not "clearly erroneous." The appellate division also concluded that the photographs had been properly authenticated and were relevant to show Stewart's "lack of malice during the post-filing period." Finally, the appellate division determined that the superior court did not commit error in failing to give a limiting instruction to the jury regarding the photographs, because Lucero had not requested such an instruction.

## DISCUSSION

### 1. Probable Cause Determination

■ "[T]o establish a cause of action for malicious prosecution ..., a plaintiff must demonstrate 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice.'" *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 871, 765 P.2d 498, 501, 254 Cal.Rptr. 336, 340 (1989) (quoting *Bertero v. National Gen. Corp.*, 13 Cal.3d 43, 50, 529 P.2d 608, 613–14, 118 Cal.Rptr. 184, 189–90 (1974)) (citations omitted).[1] In a malicious prosecution action the issue of probable cause is a question of law which we review de novo. *See id.* at 868, 765 P.2d at 499, 254 Cal. Rptr. at 337.

■ Lucero does not contend that Stewart failed to perform adequate legal research before filing the counterclaim. Such a contention is clearly foreclosed by *Sheldon Appel. Id.* at 883, 765 P.2d at 510, 254 Cal.Rptr. at 337. Instead, Lucero argues that attorney Stewart failed to conduct any investigation into the facts of his client's counterclaim as the client related those facts to him; and that because he did not undertake this investigation before fil-

ing the counterclaim, he filed it without probable cause.

We reject this argument. As the California Supreme Court stated in *Sheldon Appel*, such an approach would

> significantly and improperly alter[ ] the probable cause element by suggesting that an attorney's *reasonable investigation* and industrious search of legal authority is an essential component of probable cause. This [type of improper analysis] shifts the focus of the probable cause inquiry from the objective tenability of the prior claim to the adequacy of the particular defendant's performance as an attorney.

*Id.* at 882–83, 765 P.2d at 509, 254 Cal.Rptr. at 347–48 (emphasis added).

Here, as in *Sheldon Appel*, there is no dispute as to what facts Stewart knew and didn't know. He didn't know anything about the interior condition of the lounge when he filed the counterclaim. Nevertheless, he filed the counterclaim and alleged that the lounge's interior condition was defective. In so doing he relied entirely on what his client told him.[2] Applying the analysis followed by the California Supreme Court in *Sheldon Appeal*, we hold that Stewart's failure to undertake an independent investigation of the condition of the interior of the lounge before filing the counterclaim had nothing to do with the trial court's resolution of the question whether Stewart had probable cause to file the counterclaim.

> [I]f the trial court concludes that, on the basis of the facts known to the defendant, the filing of the prior action was objectively reasonable, the court has necessarily determined that the malicious prosecution plaintiff was not subjected to an unjustified lawsuit. When the court has made such a determination, there is no persuasive reason to allow the plaintiff to go forward with [her] tort action even if [she] can show [her] adversary's attorney did not perform *as thorough an*

---

1. If Guam law is unclear, we have stated that California cases are persuasive. *See Guam v. Ojeda*, 758 F.2d 403, 406 (9th Cir.1985).

2. Lucero does not contend Stewart had any reason to disbelieve the facts concerning the condition of the interior of the lounge as his client related those facts to him.

*investigation* or as complete a legal research job as a reasonable attorney may have conducted.

*Id.* at 883, 765 P.2d at 509–10, 254 Cal.Rptr. at 348 (emphasis added).

Based upon what Stewart's client told him, which was all he knew about the inside of the lounge at the time he filed the counterclaim, the inside of the lounge was defective. Such a condition, if it existed, made the counterclaim objectively tenable. Stewart, therefore, had probable cause to file the counterclaim, and the superior court properly resolved this issue in Stewart's favor as a matter of law.

2. Admission of the Photographs into Evidence

Lucero argues that the superior court should not have admitted the photographs of the lounge into evidence, because the photographs were irrelevant and were not properly authenticated.

a. *Relevancy*

■ The Guam Evidence Code defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Guam Evid.Code § 401. Lucero alleged in her complaint that after filing the counterclaim Stewart maliciously refused to dismiss any of the counts and instead prosecuted them to trial. Under section 401, the photographs were relevant to Stewart's reasons for pursuing through trial counts I–IV of his complaint, which alleged various defects in the lounge.

b. *Authentication*

■ The Guam Evidence Code provides that authentication requirements are satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Guam Evid.Code § 901(a). Proponents of evidence generally "need only make a prima facie showing of authenticity." *United States v. Black,* 767 F.2d 1334, 1342 (9th Cir.) (construing identical Fed.R.Evid. 901(a)), *cert. denied,* 474 U.S. 1022, 106 S.Ct. 574, 88 L.Ed.2d 557 (1985). Ordinarily, to make a *prima facie* showing of authenticity, the proponent must "identify the scene itself and its coordinates in time and place." *United States v. Stearns,* 550 F.2d 1167, 1171 (9th Cir. 1977).

Stewart testified that the photographs accurately represented the conditions of the lounge as of the time of his visit there, sometime after the counterclaim was filed and before the case went to trial. He also testified that, although he did not know the precise date, he believed that the photographs were taken in either April or May of 1986. The superior court did not err in ruling that the photographs were properly authenticated.

3. Submission of the Photographs to the Jury

■ Lucero contends the superior court erred by letting the jury take the photographs of the lounge into the jury room during the jury's deliberation on count V. Lucero argues that because the jury was considering only count V, which related solely to Lucero's other properties, there was no basis for the jury's consideration of the photographs of the lounge except to prejudice the jury against her. Stewart argues that the condition of the lounge was relevant to the condition of Lucero's other properties.

We need not resolve this dispute. Any error in letting the jury have the photographs was harmless. "[W]hen an appellate court ponders the probable effect of an error on a civil trial, it need only find that the jury's verdict is more probably than not untainted by the error." *Haddad v. Lockheed Cal. Corp.,* 720 F.2d 1454, 1459 (9th Cir.1983). At trial, Stewart gave graphic testimony as to the condition of the lounge at the time of his visit inside the premises. He also testified that the photographs accurately represented the appearance of the lounge at that time. This evidence was properly admitted and was before the jury in relation to counts I–IV of Stewart's counterclaim.

Because the jury had already viewed the photographs of the lounge during trial and had listened to testimony describing the condition of the lounge, we cannot say that allowing the jury to view the photographs during its deliberation on count V more probably than not tainted its verdict. Moreover, the photographs merely reflected factual circumstances (the condition of the lounge) on which testimony had been properly received. The photographs were not the type of evidence specifically tailored to arouse sympathy and prejudice the jury. *Cf. Clark v. City of Los Angeles*, 650 F.2d 1033, 1038 (9th Cir.1981) (holding that a diary was improperly admitted when it went far beyond other evidence properly brought forth in the case and was a heavily emotive document that did not simply relate factual occurrences), *cert. denied*, 456 U.S. 927, 102 S.Ct. 1974, 72 L.Ed.2d 443 (1982). Accordingly, we conclude that the submission of the photographs to the jury during its deliberation on count V, if error at all, was at most harmless.

### 4. Failure to Give a Limiting Instruction as to the Photographs

Finally, Lucero argues the superior court erred in failing to give a limiting instruction when it allowed the jury to view the photographs during its deliberation on count V. But Lucero did not request such an instruction. Thus, "any error from failure to give the instruction is waived." *Brocklesby v. United States*, 767 F.2d 1288, 1293 (9th Cir.1985), *cert. denied*, 474 U.S. 1101, 106 S.Ct. 882, 88 L.Ed.2d 918 (1986); Fed.R.Civ.P. 51; *cf. United States v. Multi–Management, Inc.*, 743 F.2d 1359, 1364 (9th Cir.1984) (holding that in admitting evidence, "the failure of the trial court to give [a limiting] instruction *sua sponte* is not reversible error").

AFFIRMED.