**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVEN SARTORI,

          Plaintiff-Appellant,

v.

COUNTY OF LOS ANGELES; et al.,

          Defendants-Appellees.

No.   14-56219

D.C. No.
2:12-cv-10578-SJO-AJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted January 11, 2017
Pasadena, California

Before:  KOZINSKI and WATFORD, Circuit Judges, and BENNETT,[**] District
Judge.

    **1.** Steven Sartori contends that the district court abused its discretion by

admitting evidence of his prior arrests and a misdemeanor conviction for battery.

Although that evidence should have been excluded, Sartori bore the burden of

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Mark W. Bennett, United States District Judge for the
Northern District of Iowa, sitting by designation.

showing that the erroneous admission of the evidence more likely than not tainted the verdict. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008). He has not made that showing here.

Sartori contends that the jury would have concluded that the officers' accounts of the altercation were false had it not been distracted by the evidence of his criminal past. In Sartori's view, the videotapes of the altercation, which the jury viewed, unambiguously show that the officers used excessive force. The videotapes are not that clear cut; to determine whether the officers used excessive force the videos needed to be explained and interpreted for the jury. The credibility of the witnesses narrating the videos was therefore central to the jury's interpretation of that evidence.

Sartori's credibility was substantially undermined by evidence other than the inadmissible arrests and misdemeanor conviction. For example, he admitted that he lied to the officers investigating the accident by telling them that his mother had been driving the vehicle when it crashed. He also testified that he lied under oath during his deposition in this case. A reasonable jury, considering these admissions of dishonesty specifically concerning details of the altercation in question, had ample reason not to credit Sartori's version of events. We cannot say that

admitting evidence of Sartori's arrests and misdemeanor conviction caused substantial prejudice. *See id.*

2. The district court did not abuse its discretion by admitting the prosecutor's testimony concerning her decision to bring criminal charges against Sartori. Sartori asserted a claim for malicious prosecution against the officers, and they were permitted to defend against that claim by presenting evidence showing that the prosecutor made an independent determination that probable cause existed to bring the criminal charges. *See Lucero v. Stewart*, 892 F.2d 52, 54–55 (9th Cir. 1989).

The prosecutor should not have been permitted to testify that she found the officers' version of events credible, but Sartori did not contemporaneously object to questions on that topic. For this reason, a new trial is not warranted on the ground that the district court abused its discretion by failing to strike the testimony sua sponte. *See Kelly v. City of Oakland*, 198 F.3d 779, 786 (9th Cir. 1999).

3. The jury properly rejected Sartori's claim that the officers violated the Fourth Amendment by entering his property through a locked gate leading to the stairwell. The jury necessarily found that the gate was unlocked because the court instructed the jury that, in order to find that Sartori's Fourth Amendment rights

were violated, it had to find that the gate was locked when the officers entered the stairwell. Sufficient evidence supported the jury's finding on that issue.

Sufficient evidence also supported the conclusion that the defendants were engaged in a permissible "knock and talk" after they entered the property through the unlocked gate. An officer initiating a legally permissible knock and talk may approach any part of the building where uninvited visitors could be expected. *See United States v. Perea-Rey*, 680 F.3d 1179, 1188 (9th Cir. 2012). The officers, like other uninvited visitors, were permitted to enter the property through the unlocked gate to initiate a knock and talk.

**4.** The district court did not abuse its discretion by excluding evidence of a general "code of silence" among members of the Los Angeles County Sheriff's Department. Sartori failed to identify any evidence connecting the purported code of silence to the specific officers who testified in this case. And in light of Sartori's repeated admissions of dishonesty during trial, it is unlikely that the outcome of the trial would have been different had this evidence been admitted. *See Harper*, 533 F.3d at 1030.

**AFFIRMED**.

*Sartori v. County of Los Angeles*, No. 14-56219

BENNETT, District Judge, dissenting.

I wholeheartedly agree with the majority opinion with one important exception. I easily find the impermissibly admitted character assassination evidence of Steven Sartori tainted the verdict and was not harmless error. Thus, I respectfully dissent. The admission of clearly inadmissible multiple arrests and a misdemeanor conviction of Sartori was an abuse of discretion. It resulted in the County's grossly unfair, extremely prejudicial, and jaw-dropping blitzkrieg character assassination of Sartori. No civil rights plaintiff's claims could survive such character assassination, let alone Sartori's. He was hardly a sympathetic plaintiff to begin with. As the majority notes, Sartori was a serial prevaricator. He conceded on cross-examination that he initially lied to the police, lied in his deposition, and even lied on his direct examination. I would add, for good measure, the jury also could reasonably have found Sartori lied on cross-examination. Thus, the majority's view that admission of the challenged evidence was harmless error is neither shocking nor surprising.

Nevertheless, there is a world of difference between admitting to a jury you have lied and the jury being told that, on different but relatively recent occasions, you have been convicted of or at least arrested for a variety of offenses. The difference is even greater when the jury was told the alleged facts supporting those

offenses. Specifically, the jury was told that Sartori had been arrested for possession and sale of marijuana; violating a no-contact order; and driving while under the influence, although Sartori denied such an arrest. The jury was told that Sartori had been arrested for possession of two-and-one-half pounds of mushrooms, four-and-one-half pounds of marijuana, 25 grams of hashish, and 150 ecstasy pills, although Sartori claimed not to remember the pills. The jury was also told that Sartori had been arrested and convicted of battery, although Sartori denied the prosecutor's statement that he "beat somebody up." I saved the "best" for last: The jury was told Sartori had been arrested for kidnapping his girlfriend and assaulting her with force likely to produce great bodily injury!

Many civil rights cases, like this one, are largely swearing contests between the plaintiff and multiple law enforcement officers. Not even a civil rights plaintiff who had been an Eagle Scout, interned for Mother Theresa, was a ball boy for the L.A. Dodgers, and served in Iraqi Freedom could have withstood the force of the County's highly prejudicial and inadmissible smear tactics and prevailed. Certainly, Sartori could not.

The admission of this evidence was an abuse of discretion.[1] *Mulligan v.*

*Nichols*, 835 F.3d 983, 992 (9th Cir. 2016) ("A district court's evidentiary rulings

are reviewed for abuse of discretion."). It was clearly inadmissible, but even if

admissible on some grounds not articulated by the County, the insurmountable

prejudice greatly outweighed any marginal probative value.[2]

[1] While the County suggests on appeal the evidence was admissible to show Sartori's alleged emotional distress was due to his prior contacts with law enforcement, I find this argument unappealing for several reasons. First, it has recently been rejected by both the Fourth and Seventh Circuit Courts of Appeals. *Smith v. Baltimore City Police Dep't*, 840 F.3d 193, 203 (4th Cir. 2016); *Nelson v. City of Chicago*, 810 F.3d 1061, 1068-70 (7th Cir. 2016). Secondly, if evidence of prior contacts with law enforcement was admissible on the cause of Sartori's emotional distress, its potential for undue prejudice could have easily been resolved by letting the County ask about the prior contacts, potentially even including arrests, without getting into the nature of the charges, *e.g.*, kidnapping, battery, and drugs, but without allowing counsel for the County to go even further by discussing the facts allegedly supporting the arrests.

[2] I asked Sartori's counsel at oral argument why he had not filed a motion in limine or Fed. R. Evid. 104 motion prior to trial to give the trial judge a heads-up and opportunity to sort through the issues. He responded that he never thought the County would attempt to introduce this evidence. Not a bad answer, but it suggests the adage "an ounce of prevention is worth a pound of cure." I suspect the County did not file its own pre-trial motion because it preferred its chances of getting this highly questionable evidence in with a surprise attack in the heat of trial. A pre-trial motion, by either party, would have had another advantage: It would have likely obviated yet another issue—whether the plaintiff adequately preserved error by objecting to some, but not all, of the character assassination evidence at trial. *See United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1070 (9th Cir. 2011) (holding that a motion in limine pre-trial preserves a challenge to evidence, without renewal of the objection at trial, where the ruling was "definitive," based on Fed. R. Evid. 103). Under Fed. R. Evid. 103, any error would have likely been preserved. While I am not free from doubt, for purposes of this dissent, I assume, but do not decide, that error was

This evidence must be viewed in the context of the entire record to determine the harmless error issue. *United States v. Gadson*, 763 F.3d 1189, 1208 (9th Cir. 2014) (whether error in admitting evidence is harmless is determined "in light of the evidence as a whole"). As the majority wisely observes, and I wholeheartedly agree, there was clearly sufficient evidence for the jury to find for the defendants. Indeed, on this record, with or without the character assassination evidence I find inadmissible, had I been the trier of fact, I would have ruled for the defendants, too. But what we think is not the issue: A *reasonable jury* could have found for the plaintiff or the defendants, especially without the character assassination evidence, where the credibility of the parties was critical to deciding this civil rights case. *Id.* (error in admitting evidence is only harmless if there is a "fair assurance that the jury was not substantially swayed by the error" (internal quotation marks and citations omitted)). I have *no* fair assurance that the character assassination evidence did not sway the jurors decidedly against Sartori. Respectfully, I would reverse and order a new trial.

---

adequately preserved.