*682 MEMORANDUM **
1. Steven Sartori contends that the district court abused its discretion by admitting evidence of his prior arrests and a misdemeanor conviction for battery. Although that evidence should have been excluded, Sartori bore the burden of showing that the erroneous admission of the evidence more likely than not tainted the verdict. See Harper v. City of Los Angeles, 533 F.3d 1010, 1030 (9th Cir. 2008). He has not made that showing here.
Sartori contends that the jury would have concluded that the officers’ accounts of the altercation were false had it not been distracted by the evidence of his criminal past. In Sartori’s view, the videotapes of the altercation, which the jury viewed, unambiguously show that the officers used excessive force. The videotapes are not that clear cut; to determine whether the officers used excessive force the videos needed to be explained and interpreted for the jury. The credibility of the witnesses narrating the videos was therefore central to the jury’s interpretation of that evidence.
Sartori’s credibility was substantially undermined by evidence other than the inadmissible arrests and misdemeanor conviction. For example, he admitted that he lied to the officers investigating the accident by telling them that his mother had been driving the' vehicle when it crashed. He also testified that he lied under oath during his deposition in this case. A reasonable jury, considering these admissions of dishonesty specifically concerning details of the altercation in question, had ample reason not to credit Sartori’s version of events. We cannot say that admitting evidence of Sartori’s arrests and misdemeanor conviction caused substantial prejudice. See id,
2. The district court did not abuse its discretion by admitting the prosecutor’s testimony concerning her decision to bring criminal charges against Sartori. Sartori asserted a claim for malicious prosecution against the officers, and they were permitted to defend against that claim by presenting evidence showing that the prosecutor made an independent determination that probable cause existed to bring the criminal charges. See Lucero v. Stewart, 892 F.2d 52, 54-55 (9th Cir. 1989).
The prosecutor should not have been permitted to testify that she found the officers’ version of events credible, but Sartori did not contemporaneously object to questions on that topic. For this reason, a new trial is not warranted on the ground that the district court abused its discretion by failing to strike the testimony sua sponte. See Kelly v. City of Oakland, 198 F.3d 779, 786 (9th Cir. 1999).
3. The jury properly rejected Sar-tori’s claim that the officers violated the Fourth Amendment by entering his property through a locked gate leading to the stairwell. The jury necessarily found that the gate was unlocked because the court instructed the jury that, in order to find that Sartori’s Fourth Amendment rights were violated, it had to find that the gate was locked when the officers entered the stairwell. Sufficient evidence supported the jury’s finding on that issue.
Sufficient evidence also supported the conclusion that the defendants were engaged in a permissible “knock and talk” after they entered the property through the unlocked gate. An officer initiating a legally permissible knock and talk may *683 approach any part of the building where uninvited visitors could be expected. See United States v. Perea-Rey, 680 F.3d 1179, 1188 (9th Cir. 2012). The officers, like other uninvited visitors, were permitted to enter the property through the unlocked gate to initiate a knock and talk.
4. The district court did not abuse its discretion by excluding evidence of a general “code of silence” among members of the Los Angeles County Sheriffs Department. Sartori failed to identify any evidence connecting the purported code of silence to the specific officers who testified in this case. And in light of Sartori’s repeated admissions of dishonesty during trial, it is unlikely that the outcome of the trial would have been different had this evidence been admitted. See Harper, 583 F.3d at 1030.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.